**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

SWAPNIL SURAJ, et al.,

Plaintiffs,

v.

JOSEPH B. EDLOW, et al.,

Defendants.

Case No. 26-cv-09208-BLF

**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO TAKE EARLY DISCOVERY**

[Re: ECF No. 9]

Before the Court is Plaintiffs' Motion for Leave to Take Early Discovery. ECF No. 9 ("Mtn Disc."). Defendants oppose the motion. ECF No. 15 ("Opp. Disc."). Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for submission without oral argument and VACATES the motion hearing set for February 11, 2027. For the reasons set forth below, the Court DENIES Plaintiffs' Motion for Leave to Take Early Discovery WITHOUT PREJUDICE.

## I. BACKGROUND

Plaintiffs Swapnil Surak and Reshma Asha Gurajala Rajendranaidu are Indian nationals who currently reside in Santa Clara County, California. ECF No. 1 ("Compl.") ¶¶ 1–2. On October 15, 2025, Plaintiffs concurrently filed their I-485, I-765, I-131, and Mr. Suraj's I-526E applications. *Id.* ¶ 67. On March 16, 2026, Plaintiffs filed their initial Complaint, alleging that Defendants "unreasonably delayed" adjudicating Plaintiffs' applications in violation of the Administrative Procedure Act ("APA"), the Mandamus Act, and the Due Process Clause of the Fifth Amendment. *Suraj v. Edlow*, No. 26-cv-02269 ("*Suraj I*"), Dkt No. 1 ¶¶ 45, 55, 60, 66; *see also* 5 U.S.C. § 706; 28 U.S.C. § 1361; U.S. Const. amend. V.

On May 29, 2026, Defendants moved to dismiss Plaintiffs' initial Complaint for lack of subject matter jurisdiction and for failure to state a claim. *Suraj I*, Dkt. No. 15 at 8–12. On July

United States District Court
Northern District of California

29, 2026, the Court granted Defendants' motion in part and dismissed it in part. *Suraj I*, Dkt. No. 27. In its ruling, the Court (1) concluded that it had subject matter jurisdiction over Plaintiffs' I-526E claims; (2) determined that the I-485 claims were unripe; (3) dismissed Plaintiffs' due process claim; and (4) declined to dismiss Plaintiffs' APA and Mandamus claims as to Mr. Suraj's I-526E application. *Id.* at 5–10.

On August 14, 2026, Plaintiffs filed a notice of voluntary dismissal without prejudice. *Suraj I*, Dkt. No. 31 (citing Fed. R. Civ. P. 41(a)). Two weeks later, on August 28, 2026, Plaintiffs initiated the current lawsuit. The new Complaint states that Mr. Suraj's I-765, I-131, and I-526E applications have been approved, but alleges that Defendants have not adjudicated Plaintiffs' I-485 applications, or Mrs. Gurajala Rajendranaidu's I-765 and I-131 applications. Compl. ¶ 67. Plaintiffs assert that Defendants' "[u]nreasonable delays in adjudicating their" pending applications violate the APA, the Mandamus Act, the Due Process Clause of the Fifth Amendment, and the Accardi Doctrine. *Id.* ¶¶ 134, 141, 147, 152, 160; *see also* 5 U.S.C. § 706; 28 U.S.C. § 1361; U.S. Const. amend. V.

On October 2, 2026, Plaintiffs filed the instant motion for early discovery. The motion notes that under the Court's scheduling order, Defendants' deadline to move for summary judgment is January 4, 2027. Mtn Disc. at 8. Plaintiffs assert that absent early discovery, they will not have access to the facts necessary to effectively challenge Defendants' motion for summary judgment. *Id.* at 7. Alongside the motion, Plaintiffs included their proposed interrogatories and requests for admission. ECF No. 9-1. Plaintiffs' discovery requests concern the status of their applications, the status of Plaintiffs' accompanying evidence, the agency's adjudication process, and Defendants' treatment of comparable immigration applications. *Id.* at 1–6. Defendants oppose the motion, arguing that discovery is not generally permitted in immigration mandamus cases, and that even if it were allowed, Plaintiffs have not established good cause for early discovery.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" unless otherwise

authorized "by court order." Fed. R. Civ. P. 26(d)(1). When deciding whether to authorize early discovery, "[c]ourts within the Ninth Circuit generally consider whether a plaintiff has shown 'good cause.'" *G.N. Iheaku & Co. Ltd. v. Does 1-3*, No. 14-cv-02069, 2014 WL 2759075, at *2 (N.D. Cal. June 17, 2014). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). When evaluating whether a party has established "good cause" courts commonly consider "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Apple Inc. v. Samsung Elecs. Co.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011) (quoting *American LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009)).

## III. DISCUSSION

### A. General Order 61

Defendants argue that under General Order 61 "[d]iscovery generally is not permitted in immigration mandamus cases." Opp. Disc. at 2. General Order 61 provides that "[i]n any civil action seeking a writ of mandamus regarding immigration benefits" the clerk's office shall file

> a procedural order which specifies that (a) the defendant shall serve and file an answer within 60 days of receipt of service of the summons and complaint; (b) subject to sub-paragraph (c), the plaintiff may file a motion for summary judgment at any time permitted by the Federal Rules of Civil Procedure and this court's local rules, in which event defendant may respond as permitted by the Federal Rules of Civil Procedure and this court's local rules; (c) if the plaintiff has not filed a motion for summary judgment within 90 days of filing the complaint, the defendant shall be the party who shall first file a motion for summary judgment, and the defendant must serve and file that motion within 120 days of service of the complaint; (d) unless a motion pursuant to Federal Rule of Civil Procedure 56(f) is filed, the plaintiff shall serve and file any opposition and/or counter-motion within 30 days of service of defendant's motion; (e) defendant may serve and file a reply and/or opposition within 14 days of service of plaintiff's opposition or counter-motion; and (f) if plaintiff filed a counter-motion, plaintiff may serve and file a reply within 14 days of service of defendant's opposition.



United States District Court
Northern District of California

Gen. Ord. ¶ 2. As Defendants state, General Order 61 and this case's resulting Immigration Mandamus Case Procedural Order do not explicitly provide for discovery. *See id.*; ECF No. 4; Opp. Disc. 2. Courts, however, have interpreted General Order 61 to mean that "immigration mandamus plaintiffs are not entitled to discovery as a matter of course but may obtain discovery if they establish that it is necessary." *Munoz-Barba v. Mayorkas*, No. 23-cv-03675, 2024 WL 2818850, at *11 (N.D. Cal. June 3, 2024).

Defendants provide a single authority to support their interpretation of General Order 61, *Armanios v. USCIS*, No. 23-cv-3598 (N.D. Cal. Feb. 5, 2024). Opp. Disc. 2. While *Armanios* does state that "this district's immigration mandamus order does not permit discovery in unreasonable delay immigration matters," it goes on to find that "Section 2 of General Order 61 . . . does not provide for discovery." No. 23-cv-3598, slip op. at 4. Courts have since interpreted this second statement to mean that "discovery is not permitted in immigration mandamus cases *as a matter of course* but is permissible under Rule 56(d) where a plaintiff can meet the requirements of that rule." *Munoz-Barba*, 2024 WL 2818850, at *11 (N.D. Cal. June 3, 2024) (emphasis in original) (finding that the court in *Armanios* denied discovery because the plaintiffs failed to satisfy Fed. R. Civ. P. 56(d), not because Gen. Ord. 61 precluded discovery); *see also S.Y. v. Sec'y of the Dep't of Homeland Sec.*, No. 25-cv-01017, 2026 WL 1896219, at *2 (N.D. Cal. July 1, 2026) (allowing the plaintiffs to seek discovery in an immigration mandamus case). Therefore, the pertinent question is not whether General Order 61 provides for discovery but rather whether Plaintiffs are entitled to discovery at this time.

**B. Good Cause Standard**

In requesting early discovery, Plaintiffs assert that evaluating unreasonable delay is a "fact-intensive" analysis that requires discovery. ECF No. 17 ("Reply Disc.") at 5. Having reviewed the relevant authorities, the Court recognizes that Plaintiffs' position has some merit. When evaluating allegations of unreasonable delay, the Court considers the factors set forth in *Telecommunications Rsch. & Action Ctr. v. F.C.C.* ("*TRAC*"), 750 F.2d 70, 80 (D.C. Cir. 1984); *see also Pham v. Scott*, 787 F. Supp. 3d 1124, 1142 (S.D. Cal. 2025) ("The *TRAC* factors also

apply to allegations of agency unreasonable delay in adjudication of immigration-related petitions . . . ."). The *TRAC* factors include:

> (1) the time agencies take to make decisions must be governed by a "rule of reason," (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority, (5) the court should also take into account the nature and extent of the interests prejudiced by delay and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is "unreasonably delayed."

*TRAC*, 750 F.2d at 80 (citations and internal quotations omitted).

Courts have routinely held that "the *TRAC* factor analysis is necessarily fact-intensive." *Salarian v. Blinken*, No. 23-cv-1315, 2024 WL 4008758, at *4 (S.D. Cal. Aug. 30, 2024); *see, e.g.*, *Tailawal v. Alejandro Mayorkas, Sec'y of Homeland Sec.*, No. 22-cv-01515, 2022 WL 4493725, at *4 (C.D. Cal. Aug. 18, 2022). Accordingly, while some courts have evaluated the *TRAC* factors prior to discovery, many courts defer this analysis until after the parties have engaged in discovery. *Compare Infracost Inc. v. Blinken,* 732 F. Supp. 3d 1240, 1253–57 (S.D. Cal. 2024) (evaluating the TRAC factors during the pleading stage, absent discovery), *with Salihi v. Blinken*, No. 23-cv-718, 2023 WL 8007348, at *7 (S.D. Cal. Nov. 17, 2023) ("The ultimate determination of whether the *TRAC* factors are satisfied is not capable of resolution on the pleadings and without further evidence and briefing."), *and S.Y.*, 2026 WL 1896219, at *2 (N.D. Cal. July 1, 2026) (granting the plaintiff's motion to defer summary judgment pending discovery).

Because evaluating the *TRAC* factors often requires a developed factual record, courts regularly decline to assess these factors on the pleadings and subsequently defer summary judgment until after the parties conduct discovery. *See, e.g.*, *Hui Dong v. Cucinelli*, No. 20-cv-10030, 2021 WL 1214512, at *4 (C.D. Cal. Mar. 2, 2021) (finding it premature to evaluate the *TRAC* factors at the pleading stage before discovery); *Iyer v. Mayorkas*, No. 22-cv-02288, 2023

WL 4335282, at *1 (N.D. Cal. May 4, 2023) (deferring summary judgment until after discovery); *Munoz-Barba*, 2024 WL 2818850, at *11 (same).

In light of this procedural pattern, the Court acknowledges that Plaintiffs' motion for early discovery has the potential to streamline the litigation by allowing the Court to thoroughly evaluate the *TRAC* factors without the need to delay the summary judgment briefing. *See* Reply Disc. 7. Although the Court recognizes the initial appeal of this argument, potential improvements to judicial efficiency do not relieve Plaintiffs of their burden to establish "good cause" for early discovery. And here, Plaintiffs have not met this burden.

Courts may find good cause for early discovery where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). When evaluating "good cause" courts commonly consider factors such as "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Apple Inc. v. Samsung Elecs. Co.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011) (citation omitted).

Plaintiffs maintain that expedited discovery is necessary to oppose summary judgment. Mtn Disc. 8–9. The instant motion, however, was filed on October 2, 2026, three months before the anticipated filing date of Defendants' motion for summary judgment. Plaintiffs do not indicate that waiting until after Defendants move for summary judgment to seek discovery through a Rule 56(d) motion would obstruct the administration of justice or otherwise prejudice Plaintiffs. *See* Reply Disc. 7 (noting only that discovery at this stage would be "better" than waiting to file a Rule 56(d) motion). Furthermore, Plaintiffs have not cited a single immigration mandamus case in which the Court granted discovery at such an early stage of the proceedings.

This dearth of authority may be due, in part, to the importance of ensuring that discovery requests are narrowly tailored to a plaintiff's claims. *See Jones v. Sunbelt Rentals, Inc.*, No. 22-cv-05954, 2023 WL 10691302, at *3 (N.D. Cal. Nov. 16, 2023) ("The scope of relevant discovery under Rule 26(b)(1) is tied to the claims and defenses asserted in the case, balanced against proportionality."); *In re BofI Holding, Inc. Sec. Litig.*, No. 15-cv-2324, 2021 WL 3516490, at *2 (S.D. Cal. Aug. 10, 2021) (reminding the parties that their discovery requests must be "narrowly tailored to seek only such information as would be relevant").

The Court cannot properly evaluate whether Plaintiffs' proposed interrogatories and requests for admission are proportional to their claims at this stage of the proceedings, before the Court has had the opportunity to consider relevant questions of law. *See San Luis & Delta Mendota Water Auth. v. U.S. Dep't of the Interior*, 984 F. Supp. 2d 1048, 1058 (E.D. Cal. 2013). This consideration is especially important given the breadth of Plaintiffs' discovery requests, which concern not only the status of their own applications, but also the agency's adjudication process and the treatment of comparable applications. *See, e.g.*, ECF No. 9-1 at 5 ("State the number of comparable applications for which you issued a request for evidence seeking a form I-693 after a transfer, and the number of those applications adjudicated since the request issued." (emphasis omitted)). Courts routinely narrow the scope of discovery where plaintiffs' discovery requests are overbroad relative to the claims they seek to allege. *See, e.g.*, *S. Y. v. Sec'y of the Dep't of Homeland Sec.*, No. 25-cv-01017, 2026 WL 1896219, at *4 (N.D. Cal. July 1, 2026) (granting the plaintiff's Rule 56(d) motion, but "narrow[ing] the scope of [p]laintiff's discovery requests"); *Munoz-Barba v. Mayorkas*, No. 23-cv-03675, 2024 WL 2818850, at *15 (N.D. Cal. June 3, 2024) (narrowing discovery where the Court found "that [p]laintiffs' request for discovery [was] overbroad"). Granting Plaintiffs' motion at this time, before the Court has considered threshold questions of law, risks imposing burdensome discovery on Defendants for claims that

United States District Court
Northern District of California

may not advance to summary judgment. In the event that Defendants' motion for summary judgment relies on factually based arguments, Plaintiffs may seek discovery under Rule 56(d). Defendants are advised that the Court will expect a rapid response to any approved discovery.

For these reasons, the Court finds that Plaintiffs have failed to show that the present "need for expedited discovery . . . outweighs the prejudice" to Defendants. *Semitool, Inc.*, 208 F.R.D. 273 at 276. Thus, the Court hereby denies Plaintiffs' request for early discovery as premature.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Early Discovery is DENIED WITHOUT PREJUDICE to requesting discovery at a later stage of the proceedings.

**IT IS SO ORDERED.**

Dated: November 24, 2026

BETH LABSON FREEMAN
United States District Judge